**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS HEROLD,

      Petitioner,

-vs-                                                                 Case No.  8:07-CV-1063-T-30TBM

UNITED STATES OF AMERICA,

      Respondent .

_____/

## ORDER

      Petitioner, an inmate at the Federal Correctional Institution, Marianna, Florida, initiated this cause of action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § § 2241 (Dkt. 1). Petitioner asks the Court to vacate a conviction and sentence entered by The Honorable Steven D. Merryday.

      While a § 2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment, a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § § §2255 is generally the proper means to challenge the imposition or length of detention. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) (citing *McGee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979)[1]).

      In 2004, Petitioner was convicted of conspiring to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § §846, 841(a)(1) and 841(b)(1)(A).  *See United States v. Arline, et al.*, Case No. 8:03-CR-288-T-23MAP (M.D.

_____

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Dockets.Justia.com

Fla. 2003).   The Eleventh Circuit affirmed Herold's conviction and sentence.  *See United States v. Ellwood, et al.*, Case No. 05-11558 (11th Cir. 2005). Petitioner has not sought collateral relief pursuant to 28 U.S.C. § § §2255.

The law provides that an inmate convicted of a federal crime may not file a petition for habeas corpus unless the inmate can show that the remedies available under § §2255 are ineffective or unavailable. *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).  The burden to show that such relief would be ineffective is on the petitioner.  *See Von Ludwitz v. Ralston*, 716 F.2d 528 (8th Cir. 1983). Because Petitioner has failed to establish that the remedy under §2255 is inadequate or ineffective, this matter cannot go forward under § 2241.  *See Wofford*, 177 F.3d at 1244-45.  Petitioner may, however, wish to have this matter considered by the sentencing judge pursuant to §2255.

ACCORDINGLY, with his consent, the Court **ORDERS** that the **Clerk** shall reassign this case to The Honorable Steven D. Merryday pursuant to Local Rule 1.04(a) (M.D. Fla. 2006).[2]

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner

SA/sfc

---

[2] "All motions under 28 U.S.C. Section 2255 shall be assigned to the judge to whom the original criminal case was assigned." Local Rule 1.04(a) (M.D. Fla. 2006).

2